IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOHN RYAN,<br><br>Petitioner,<br><br>vs.<br><br>EDWARD M. BIRN in his official and individual capacity as the DIRECTOR OF THE DEPARTMENT OF ADMINISTRATION,<br><br>Respondent. | SPECIAL PROCEEDINGS CASE NO. SP0115-23<br><br><br>ORDER GRANTING PETITION |

Before the Court is John Ryan's Verified Petition for Inspection and Copies of Public Records and for Penalties for Non-Disclosure. On September 29, 2023, the Court held an Order to Show Cause Hearing on the Petition. Based on the arguments presented, the Court GRANTS Ryan's Petition.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Ryan submitted a Sunshine Act request on July 31, 2023, to Respondent Edward Birn, the Director of the Department of Administration (DOA). V. Pet., Ex A (Aug. 25, 2023). The Request provided:

> Under 5 GCA 10101 et seq., (the "Sunshine Act"), I request [] to inspect a copy of the following public records in the possession of the Department of Administration (DOA):
>
> 1.  Any public records evidencing any payment made from the Government of Guam, of any amount, to: (1) the Department of Revenue and Taxation; (2) Mary Ann Palomo; or (3) any other employee of the Department of Revenue and Taxation (not including checks evidencing salary, wage or benefit payments).

# ORIGINAL

2. Any public records evidencing any payment from the Government of Guam to the Department of Revenue and Taxation and endorsed by Mary Ann Palomo or any other employee of the Department of Revenue and Taxation.

3. Any public record authorizing Mary Ann Palomo or any other employee of the Department of Revenue and Taxation or of the Government of Guam or any of its line-item agencies, to endorse any check made payable to the Government of Guam. *Id.*

On August 3, 2023, Birn sent a letter acknowledging receipt of Ryan's request, requesting Ryan to "identify the records" he was requesting, and quoting language from the Sunshine Act providing a request "reasonably describe[] an identifiable record or records." *Id.* at Ex. B. Ryan responded on August 9, 2023, noting that Birn's response failed to identify which aspect of the request allegedly contained an issue, attempting to further explain the requests, and offering to narrow the request. *Id.* at Ex. C. Birn never responded to Ryan's August 9, 2023 letter. *Id.* ¶13.

On August 25, 2023, Ryan Petitioned the Court to enforce his rights under the Sunshine Act to inspect and copy the requested documents. V. Pet. He also issued a Summons to Birn, giving him twenty days to respond to the "Complaint."

The Court subsequently issued an Order to Show Cause on the Petition under 5 GCA § 10111 and directed Birn to comply with the request or explain why he need not comply. Order to Show Cause (Aug. 29, 2023). Birn responded to the Order to Show Cause and argued that the Summons was defective as it required an expedited Answer, which deprived the Court of jurisdiction. Further, Birn argued that the requested documents are not public and would result in the disclosure of whistleblower information, in violation of the Internal Revenue Code's policy of protecting whistleblowers. Response Order Show Cause (Sept. 8, 2023).

The Court heard the matter on September 29, 2023. At the hearing, DOA provided the Court with a copy of the responsive records under seal for the Court's consideration. Min. Entry (Sept. 29, 2023); Submission Under Seal (Sept. 29, 2023). DOA noted during the hearing that it



would comply with the Court's decision in this matter.  Min. Entry.

## II.  **LAW AND DISCUSSION**

"Every person has the right to inspect and take a copy of any public document on Guam, except as otherwise *expressly* prohibited in law, and except as provided in § 10108 of this Chapter." 5 GCA § 10103(a) (emphasis added).  Section 10108 provides limitations on the right of inspection, none of which apply here.  *Id.* § 10108.

In this matter, Ryan submitted a Sunshine Act request to Birn, the Director of DOA, to inspect specific records.  After initially responding to seek clarification, Birn failed to respond to Ryan's subsequent correspondence.  Also, Birn did not object to the requested information. However, in Birn's Response to the Petition, he argues that the information is not public as it relates to whistleblower awards, and it is the IRC's policy to protect such information.  A citation to a policy of another agency does not satisfy the explicit rule in the statute, carving out a limited exception for only items expressly prohibited by law or listed as exceptions under § 10108.  Birn fails to provide any express law or exception under § 10108.

Additionally, upon the Court's review of the records provided by the Department of Administration at the September 29 hearing, the Court does not find any supplemental reason or basis to prevent disclosure of the documents.  Therefore, Ryan has the right to inspect the requested documents.

The Court now turns to Birn's argument regarding the Summons. The Sunshine Act contains a section entitled "Court Proceedings" that provides "[t]he times for responsive pleadings and for hearings in these proceedings shall be set by the [J]udge of the Court with the object of securing a decision as to these matters at the earliest possible time." *Id.* § 10111(b). Such matters also are of "great importance" and "take precedence over all other cases and shall be assigned for



hearing and trial or for argument at the earliest practicable date and expedited in every way." *Id.* § 1011(c). When a verified petition that certain public records are being improperly withheld, the Court is required to issue an Order to Show Cause. *Id.* § 10111(c). The Court, accordingly, assigned importance to this matter and promptly issued an Order to Show Cause. Therefore, any alleged defects in the Summons are irrelevant as it is within the Court's discretion to schedule deadlines and hearings to expedite injunctions related to the Sunshine Act.

Finally, "[i]f the Court finds that the public official's decision to refuse disclosure is not justified under this Chapter, the Court shall order the public official to make the record public." *Id.* § 10111(e). Since Birn's failure to disclose the requested information was not justified, the Court orders the immediate release of the requested information to Ryan.

The Court now turns to additional penalties for non-disclosure. "If the Court finds that the public official's decisions to refuse disclosure is not justified under this Chapter, the Court shall order the public official to pay a fine of One Thousand Dollars ($1,000)." *Id.* § 10112(a). Additionally, "[t]he Court shall award court costs and reasonable attorney fees to the [P]laintiff should the [P]laintiff prevail after initially filing the [C]omplaint pursuant to [the Sunshine Act]." *Id.* § 10112(d). Therefore, as the Court found the nondisclosure unjustified, it fines Birn $1,000 and grants Ryan his court costs and reasonable attorney's fees.

## III.   CONCLUSION AND ORDER

The Court ORDERS DOA to disclose the requested public records within two working days of this Order. Further, based on DOA and Birn's unjustified failure to comply with Ryan's Sunshine Act request, the Court fines Birn $1,000 and awards Ryan his court costs and reasonable attorney's fees. Ryan may submit a statement of his attorney's fees and costs within fourteen days from the issuance of this Order for the Court's review; DOA may respond on the reasonableness



of the fees and costs fourteen days thereafter; and Ryan may file a Reply five business days after DOA's Response.

**SO ORDERED, 28 December 2023.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Braddock J. Huesman, Esq., Fisher Huesman P.C. for Petitioner John Ryan
D. Graham Botha, Deputy Attorney General, Office of the Attorney General, for Respondent
      Edward M. Birn

# ORIGINAL